In the Matter of the Estate of Henry Meyer, Sr., late of Harris Township, deceased. Appeal of J. Henry Meyer, Administrator of Henry Meyer, Sr., deceased.

*Executors and administrators—Administrator's sale—Bid of administrator at his own sale.*

Where an administrator on his own behalf, and not at the request of the heirs, bids at his own sale of real estate, and makes return that he was unable to sell the property "for want of good and sufficient bids for the same," and subsequently the property is sold at a less price, the administrator is. liable for the difference between the amount which he bid, and the amount for which the property subsequently sold.

An administrator bid at his own sale of real estate, and after the sale accepted the bid of another person which was somewhat higher than his own. Subsequently this bid was withdrawn. The administrator then made return that he was unable to sell the property "for want of good and sufficient bids for the same." The property was afterwards sold for an amount less than the administrator's bid. *Held*, that the administrator was liable for the difference.

Argued March 22, 1896. Appeal, No. 23, Jan. T., 1896, by J. Henry Meyer, administrator, from decree of O. C. Centre Co., No. 5525, sustaining exceptions to auditor's report. Affirmed.

Exceptions to auditor's report.

The case was referred to John Kline, Esq., as auditor, the substance of whose report is stated in the opinion of the Supreme Court, except that the auditor in addition found that the administrator in bidding. had acted, as he supposed, for the best interests of the estate.

Exceptions to the auditor's report were sustained in an opinion by ARCHBALD, P. J., of the 45th judicial district, specially presiding.

*Errors assigned* were in sustaining exceptions to auditor's report.

*Calvin M. Bower*, with him *Ellis L. Orvis*, for appellant.— The auditor having found that the appellant had not done any willful wrong, and had not willfully neglected his duty, but on the contrary had done what he supposed in his judgment was for the best interests of the estate, such finding is conclusive and cannot be disturbed, except for flagrant error, or plain mistake: Chew's App., 45 Pa. 230; Miller's App., 30 Pa. 478; Yohe's App., 55 Pa. 121; Gilbert's App., 78 Pa. 266; McConnell's App., 97 Pa. 31.

While reasonable care and diligence is required in a trustee such as a prudent man would use in his own estate, he is not liable for unavoidable loss, or for loss occasioned by error in judgment: Fahnestock's App., 14 W. N. C. 50; Jones's App., 8 Watts & Serg. 143; Eyster's App., 16 Pa. 372; Jack's App., 94 Pa. 367; Scheidt's Est., 2 Woodward, 356.

The appellant was bidding for the benefit of all interested and he should not be held responsible. Having been parties to the agreement, as found by the auditor, and objecting to the appellant taking the one hundred and ninety acre farm at his bid of $36.25 made at the sale in October, 1890, the appellees cannot now call upon him to make that bid good to them: Wissel's App., 4 Pa. 236; Girard Life Ins. Co. v. Young, 8 Phila. 16.

*Charles P. Hewes*, with him *J. M. Keichline*, for appellees.— The court has power in this proceeding to surcharge the accountant: Guier v. Kelly, 2 Binney, 294; Scheidt's Est., 2 Woodward, 356; Whiteside v. Whiteside, 20 Pa. 473; Ashford v. Ewing, 25 Pa. 213; Black's Exr. v. Black's Ex., 34 Pa. 357; Bickley's Adm. v. Biddle, 33 Pa. 276; Willard's App., 65 Pa. 265.

No one but the sheriff can maintain an action against the purchaser to recover the purchase money of land sold on executions: Adams v. Adams, 4 Watts, 160; Gaskill v. Morris, 7 W. & S. 32; Freeman v. Husband, 77 Pa. 389.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896:

The only question properly before us for decision is the action of the orphans' court in surcharging the appellant as administrator of Henry Meyer, senior, deceased.

The only material and practically undisputed facts are as follows : In August, 1889, the decedent's real estate, consisting of several tracts, was offered at public sale under an order of the orphans' court for the payment of debts.   One tract of one hundred and ninety acres, having been returned as unsold, the order as to it was continued, and it was again offered June 11, 1890, and knocked down at $33.25 per acre to the administrator, appellant, to whom permission had been granted by the court to bid at his own sale.   The next lower responsible bid was $33.00 per acre.   No return of this sale was made, because, as alleged by appellant, some of the heirs objected to the price.   On October 11, 1890, the same tract was again offered, under the previous order, and was knocked down to the administrator at $36.25 per acre.   The next lower responsible bidder at this sale was John Lowder whose bid was $36.00 per acre.   Shortly after the sale Lowder offered to take the property at $36.50 per acre, and a return of sale to him was accordingly prepared, but, before it was presented to court, Lowder withdrew his offer; and thereupon the administrator changed his return, and reported that he was unable to sell the property " for want of good and sufficient bids for the same."

The order of sale was continued from term to term but nothing further was done until April, 1892, when an alias order was issued, and leave was again given the administrator to purchase at his own sale.   At that sale, on June 16, following, he became the purchaser of the tract at $26.00 per acre, and return thereof was accordingly made to court.   Exceptions thereto were filed, and, a guaranteed bid of $30.00 per acre having been made, the sale was set aside and a resale ordered.   At that sale, in January 1893, W. A. Ishler became the purchaser at $30.00 per acre, and upon due return thereof the sale was confirmed.

When the administrator's final account was filed, the appellees, two of the heirs, excepted thereto and asked that the accountant be surcharged with the difference between the price at which the property was knocked down to him at the sale on October 11, 1890, and the sum for which it was finally sold and conveyed to Ishler.   The auditor to whom the exceptions were referred, after reporting the facts substantially as above recited, and referring to other facts and circumstances which he regarded as explanatory of the administrator's conduct, etc., con-

cluded as follows: " While the auditor cannot altogether approve the course followed by the administrator, yet he believes it was an error of judgment and not such negligence or wilful default as to make him liable to surcharge."

Exceptions to the auditor's report were filed by the appellees, and were finally argued before the learned president of the 45th judicial district, who, in an opinion filed, sustained the same and surcharged the appellant with $1,187.50, the difference between $30.00 per acre, the price at which the one hundred and ninety acre tract was finally sold, and $36.25 per acre, the price at which it was bid in by him at the sale of October 11, 1890. In this, we think he was fully warranted by the evidence. The conduct of the accountant was unjustifiable and inexcusable. There is nothing in any of the facts found by the auditor to relieve him from liability for the loss occasioned by his own improper acts. There is no sufficient evidence to warrant the inference that, in assuming to bid (as he expresses it) for the benefit of the heirs, he was acting at their request, or at the request of any of them. There appears to be nothing in the case that requires further discussion.

Decree affirmed and appeal dismissed at appellant's costs.